IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ENCISO RODRIGO ACEVES,

    **Plaintiff,**

v.                                                                   CIV 03-0365 JB/LAM

GARLAND JEFFERS AND R. RODRIQUEZ,

    **Defendants.**

# PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

**THIS MATTER** is before the Court on Defendants' *Motion to Strike Plaintiff's Jury Demand* (*Doc. 51*).  Plaintiff did not file or serve a response in opposition to the motion which constitutes consent to grant the motion pursuant to D.N.M.LR-Civ. 7.1(b).  Having reviewed Defendants' motion, Defendants' brief in support of the motion (*Doc. 52*), and relevant law, the Court **FINDS** as follows:

### Findings

1.     This action under 42 U.S.C. § 1983 was filed by Plaintiff on March 24, 2003.  *See* Plaintiff's Prisoner's Civil Rights Complaint (*Doc. 1*).  Plaintiff's complaint did not include a jury demand.

---

[1] Within ten (10) days after a party is served with a copy of these Proposed Findings and Recommended Disposition, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such Proposed Findings and Recommended Disposition with the Clerk of the United States District Court for the District of New Mexico, 333 Lomas Boulevard, N.W., Albuquerque, New Mexico 87102.  **A party must file any objections within the ten (10) day period allowed if that party wants to have appellate review of the Proposed Findings and Recommended Disposition.  If no objections are filed, no appellate review will be allowed.  Any party may waive this ten (10) day period by filing a written notice of waiver with the Court.**

2.	Defendants were served with process and filed and served their answer to Plaintiff's complaint on August 19, 2003.  *See* Defendants' Answer to Plaintiff's Civil Rights Complaint (*Doc. 15*).

3.	On September 18, 2003, Plaintiff filed a document titled "Plaintiff's Statement Motion in Support to [sic] His Claims" (*Doc. 18*) which the Court construed as a supplement to his complaint.  *See* Order to File a *Martinez* Report (*Doc.26*) filed April 12, 2004.  This supplement to the complaint did not include a jury demand.

4.	On May 3, 2004, Defendants filed and served their answer to Plaintiff's Statement Motion in Support to [sic] His Claims.  *See* Defendants' Answer to Plaintiff's Statement Motion in Support to [sic] His Claims (*Doc. 27*).

5.	On August 5, 2004, Plaintiff filed a document titled "Plaintiff's Response to Defendant's Motion for Extension of Time to File Certificate of Completion of Martinez Report, and Request for Jury Trial" (*Doc. 47*).  This document contained a jury demand.[2]

6.	Defendants' Motion to Strike Plaintiff's Jury Demand (*Doc. 51*) asks the Court to strike the jury demand contained in Plaintiff's Response to Defendant's Motion for Extension of Time to File Certificate of Completion of Martinez Report, and Request for Jury Trial (*Doc. 47*) on the grounds that Plaintiff waived his right to a jury trial by failing to file and serve a timely jury demand pursuant to FED. R. CIV. P. 38.

7.	Defendants argue that Plaintiff's jury demand was untimely because it was filed and served more than ten days after service of Defendants' Answer to Plaintiff's Civil Rights Complaint (*Doc. 15*) on August 19, 2004.  In the alternative, Defendants argue that Plaintiff's jury demand was

---

[2]Plaintiff's jury demand does not specify the issues which Plaintiff wishes tried by a jury making it a demand for trial by jury of all issues so triable. *See* FED. R. CIV. P. 38(c).

2

untimely because it was filed and served more than ten days after service of Defendants' Answer to Plaintiff's Statement Motion in Support to [sic] His Claims (*Doc. 27*) on May 3, 2004.

## Conclusions of Law

After considering Defendants' Motion to Strike Plaintiff's Jury Demand (*Doc. 51*), Defendants' brief in support of the motion (*Doc. 52*), the record of this case and relevant law, the undersigned Magistrate Judge concludes that the Court has jurisdiction over the parties and the subject matter, and further concludes that Plaintiff has waived his right to a trial by jury pursuant to FED. R. CIV. P. 38(d) by failing to serve a timely jury demand. FED. R. CIV. P. 38(b) requires that a demand for jury trial of any issue triable of right by a jury be served within ten days after service of "the last pleading directed to such issue." A party's failure to timely serve a jury demand as required by Rule 38(b) constitutes a waiver by that party of trial by jury. FED. R. CIV. P. 38(d). Plaintiff's Statement Motion in Support to [sic] His Claims (*Doc.18*) raised issues which were not raised in Plaintiff's original complaint (*Doc. 1*). Accordingly, Defendants' Answer to Plaintiff's Statement Motion in Support to [sic] His Claims (*Doc. 27*) served by mail on May 3, 2004, was the last pleading directed to such issues.[3] Plaintiff's jury demand (*Doc. 47*), served almost three months later on August 1, 2004, was untimely because it was not served within ten days after service of Defendants' Answer to Plaintiff's Statement Motion in Support to [sic] His Claims (*Doc. 27*). Because Plaintiff's jury demand was untimely, Plaintiff has waived his right to a trial by jury pursuant to FED. R. CIV. P. 38(d). *See Jolivet v. Deland*, 966 F.2d 573, 577 (10th Cir. 1992) (inmate who proceeded *pro se* in civil rights action waived his right to jury trial on issue of damages by failing to make a timely jury demand). The fact that Plaintiff is proceeding *pro se* does not entitle him to special consideration

---

[3]*See Nissan Motor Corp. in U.S.A., et al. v. Burciaga*, 982 F.2d 408, 409 (10th Cir. 1992) (to establish right to trial by jury, amended complaint must raise issues which were not raised in the original complaint.)

under FED. R. CIV. P. 38.  *Id.* at 578.  Therefore, the undersigned Magistrate Judge recommends that Defendants' Motion to Strike Plaintiff's Jury Demand (*Doc. 51*) be **GRANTED**.

_____
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**