IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**ENCISO RODRIGO ACEVES,**

    **Plaintiff,**

v.                                                                                                        CIV 03-0365 JB/LAM

**GARLAND JEFFERS AND R. RODRIQUEZ,**

    **Defendants.**

## MEMORANDUM OPINION AND ORDER DENYING DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S STRICKEN MOTION, MOTION FOR SUMMARY JUDGMENT AND MOTION TO DISMISS (*DOC. 45*)

**THIS MATTER** is before the Court on Defendants' Motion to Strike Plaintiff's *Stricken Motion, Motion for Summary Judgment and Motion to Dismiss* (*Doc.* 45), which asks the Court to: (1) strike Plaintiff's Striken [sic] Motion [sic] Motion for Summary Judgment (*Doc. 36*), or, in the alternative, strike any reference in that document to "summary judgment, " or, in the alternative, treat that document as a motion for summary judgment and deny it on the merits; and (2) dismiss this case as a sanction for Plaintiff's failure to serve Defendants with a copy of Plaintiff's Striken [sic] Motion [sic] Motion for Summary Judgment (*Doc. 36*). The Court has reviewed the motion, Defendants' brief in support of the motion (*Doc. 46*), Plaintiff's response to the motion (*Doc. 53*),[1] and relevant law. The Court **FINDS** that the motion is not well-taken and should be **DENIED**.

A review of the procedural chronology of this case related to Defendants' motion is warranted. On June 10, 2004, Defendants filed a motion for protective order (*Doc. 33*) seeking a protective order and leave to file an un-redacted *Martinez* Report under seal. A copy of a redacted

---

[1] Plaintiff's response is contained within a document titled "Plaintiff's Motion for Evidentiary Hearing, Pursuant to Rule 8(a)" (*Doc. 53*).

version of the *Martinez* Report was attached to the motion for protective order as Exhibit A. On July 13, 2004, Plaintiff filed his response (*Doc. 36*)[2] to the motion for protective order, which also responded to the redacted *Martinez* Report. On July 23, 2004, the Court entered its order (*Doc. 41*) denying Defendants' motion for protective order and ordering Defendants to serve Plaintiff with a copy of the un-redacted *Martinez* Report. In its order denying the motion for protective order (*Doc. 41*), **entered <u>before</u> the motion at issue was filed by Defendants**, the Court characterized Plaintiff's Striken [sic] Motion [sic] Motion for Summary Judgment (*Doc. 36*) as both a response to Defendants' motion for protective order and a response to Defendants' redacted version of the *Martinez* Report. *See Order Denying Defendants' Motion for Protective Order and to File Martinez Report Under Seal* (*Doc. 41*) at 1, footnote 1. In the same order (*Doc. 41*), the Court noted that Plaintiff's certificate of service did not certify that Plaintiff's Striken [sic] Motion [sic] Motion for Summary Judgment (*Doc. 36*) was served on Defendants and also noted that Defendants obtained a copy of Plaintiff's Striken [sic] Motion [sic] Motion for Summary Judgment (*Doc. 36*) using the Court's ACE filing system. *Id.* at 3. Also, in the same order (*Doc. 41*), the Court warned Plaintiff of his legal obligation to serve Defendants with copies of the documents he files in this case and of the consequences, including dismissal of this case, for failing to do so. *Id.* at 3-4.

The Court did **not** characterize Plaintiff's Striken [sic] Motion [sic] Motion for Summary Judgment (*Doc. 36*) as a motion for summary judgment because **it clearly is not a motion for summary judgment** even though Plaintiff included the words "summary judgment" in the title of the document and in its first and last paragraphs. **Moreover, the Court's order denying the motion for protective order (*Doc. 41*) put Defendants on notice of this characterization.** Because

---

[2] Plaintiff's response, however, is titled "Striken [sic] Motion [sic] Motion for Summary Judgment.

Plaintiff's Striken [sic] Motion [sic] Motion for Summary Judgment (*Doc. 36*) is not a motion for summary judgment, and has not been characterized as such by the Court, there is no reason to strike it for failing to comply with the requirements of the local and federal rules applicable to motions for summary judgment.  Nor is there any reason to strike the words "summary judgment" from its title and text or, in the alternative, to treat it as a motion for summary judgment and decide it on the merits.  Finally, to the extent that Defendants' motion seeks to have the Court dismiss this case as a sanction for Plaintiff's failure to serve Defendants with a copy of Plaintiff's Striken [sic] Motion [sic] Motion for Summary Judgment (*Doc. 36*), the Court already addressed that issue in its order denying the motion for protective order (*Doc. 41*) which warned Plaintiff of his legal obligation to serve documents filed in this case and of the consequences, including dismissal of this case, for failing to do so.  Accordingly, the Court has determined that Defendants' Motion to Strike Plaintiff's Stricken Motion, Motion for Summary Judgment and Motion to Dismiss (*Doc. 45*) should be **DENIED**.[3]

**IT IS THEREFORE ORDERED** that Defendants' Motion to Strike Plaintiff's Stricken Motion, Motion for Summary Judgment and Motion to Dismiss (*Doc. 45*) is **DENIED**.

**IT IS SO ORDERED.**

*[signature: Lourdes A. Martínez]*

**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**

---

[3]*The Court's ruling on Defendants' motion is not intended to foreclose the imposition of sanctions on Plaintiff in the future, including dismissal of this case, if Plaintiff fails in the future to serve Defendants with copies of motions and other documents that he files in this case.* Although Defendants, in their Brief in Support of the instant motion at page 8, fn. 1, stated that Plaintiff filed a Motion for Deportation Order Suspension subsequent to the Court's order containing the warning "which Plaintiff again failed to serve on Defendants," the Court notes that that motion was filed the same day that the Court's order (*Doc. 41*) containing the warning was filed.  The Court also notes that Plaintiff has served Defendants with all pleadings since he received the warning.