IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**ENCISO RODRIGO ACEVES,**

    **Plaintiff,**

v.                                              **CIV 03-0365 JB/LAM**

**GARLAND JEFFERS AND R. RODRIQUEZ,**

    **Defendants.**

## MEMORANDUM OPINION AND ORDER DENYING AS MOOT PLAINTIFF'S MOTION (FOR COPIES AND SERVICE) (*DOC. 37*) and PLAINTIFF'S MOTION TO STRIKE DEFENDANT[S'] MOTION TO REINSTATE DEADLINES (*DOC. 64*)

**THIS MATTER** is before the Court on *Plaintiff's Motion [for copies and service]* (*Doc. 37*), and *Plaintiff's Motion to Strike Defendant[s'] Motion to Reinstate Deadlines* (*Doc.64*). Plaintiff's motions are not in compliance with the Court's Local Civil Rules or the Federal Rules of Civil Procedure because they fail to include certificates of service on Defendants and do not appear to have been served on Defendants.[1]  *See* D.N.M.LR-Civ. 7.1(b) ("A motion, response, or reply must include a certificate of service on each party.").  *See also* D.N.M.LR-Civ. 7.4(c) ( In the case of opposed motions where any party appears *pro se*, "[m]ovant must file and serve on all parties copies of the motion, supporting brief, affidavits and other papers related to the motion.");

---

[1] In its Order Denying Defendants' Motion for Protective Order and to File *Martinez* Report Under Seal (*Doc. 41*) entered on July 23, 2004, the Court noted Plaintiff's apparent failure to serve Defendants with a copy of his Motion [for copies and service] (*Doc. 37*) (referred to in the order as a "cover letter"), and warned Plaintiff of the consequences of failing to serve documents on Defendants, including dismissal of this case.  The Court also noted its confirmation with defense counsel that a copy of the motion was obtained by Defendants using the Court's ACE filing system.  *Id.* at p.3.

FED.R.CIV.P. 5(a) ("Except as otherwise provided in these rules, . . . every written motion other than one which may be heard ex parte, and every written notice, appearance, demand, offer of judgment, designation of record on appeal, and similar paper shall be served upon each of the parties.").

Moreover, both of Plaintiff's motions are moot. Plaintiff's Motion [for copies and service] (*Doc. 37*) is moot because it seeks to have the Court mail a copy of Plaintiff's Striken [sic] Motion [sic] Motion for Summary Judgment (*Doc. 36*) on Defendants and it is apparent from the record [2] of this case that Defendants obtained a copy of that motion from the Court's ACE filing system. Accordingly, there is no need for Defendants to be served with another copy of that motion. Additionally, Plaintiff's Motion to Strike Defendant[s'] Motion to Reinstate Deadlines (*Doc.64*) is moot because the Court had already granted Defendants' Motion to Reinstate Deadlines (*Doc. 59*) by its order (*Doc. 62*) filed on August 27, 2004, **before** Plaintiff's motion was filed.  Accordingly, Plaintiff's Motion [for copies and service] (*Doc. 37*) and Plaintiff's Motion to Strike Defendant[s'] Motion to Reinstate Deadlines (*Doc.64*) will both be **DENIED** as moot.

**IT IS THEREFORE ORDERED** that *Plaintiff's Motion [for copies and service]* (*Doc. 37*) and *Plaintiff's Motion to Strike Defendant[s'] Motion to Reinstate Deadlines* (*Doc.64*) are **DENIED as moot**.

**IT IS SO ORDERED.**

_____
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**

---

[2] *See* Order Denying Defendants' Motion for Protective Order and to File *Martinez* Report Under Seal (*Doc. 41* at p. 3).