IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**ENCISO RODRIGO ACEVES,**

    **Plaintiff,**

v.                                                  **CIV 03-0365 JB/LAM**

**GARLAND JEFFERS AND R. RODRIQUEZ,**

    **Defendants.**

# MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR DEPORTATION ORDER SUSPENSION (*DOC. 40*) AND DENYING DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S MOTION FOR DEPORTATION ORDER SUSPENSION (*DOC. 49*)

**THIS MATTER** is before the Court on Plaintiff's *Motion for Deportation Order Suspension* (*Doc. 40*). The Court has reviewed the motion, Defendants' response to the motion (*Doc. 50*), and relevant law. For the reasons set forth below, the Court **FINDS** that the motion is not well-taken and should be **DENIED** without prejudice.

Plaintiff's motion asks the Court to temporarily suspend a deportation order issued in an unspecified deportation proceeding by the United States Immigration and Naturalization Service[1] that would deport Plaintiff from the United States. Plaintiff's motion provides no information about the deportation order or the deportation proceeding. Plaintiff asks the Court to suspend the deportation order because he alleges that it will be difficult for him to litigate this case if he is deported from the United States. Specifically, Plaintiff contends that he may not have an address in his native country

---

[1] On March 1, 2003, the service and benefit functions of the United States Immigration and Naturalization Service transitioned into the Department of Homeland Security as the United States Citizenship and Immigration Services.

to which correspondence can be sent and his country's mail system works slowly which could impede his ability to communicate with the Court about this case.

Plaintiff's motion contains no indication that it was served on Defendants. However, it is apparent from Defendants' response to the motion that Defendants obtained a copy of the motion from the Court's ACE filing system. **In an order (*Doc. 41*) entered by the Court on the same day Plaintiff's motion was filed, the Court warned Plaintiff that his failure to serve Defendants with copies of motions and other documents could result in the dismissal of this case. Plaintiff is reminded again that he is required by Rule 5(a) of the Federal Rules of Civil Procedure and Rule 7.4(c) of the Court's local civil rules to serve Defendants (by mail) with a copy of every motion filed in this case and that failure to comply with such rules may result in the imposition of sanctions, including dismissal of this case.**

Plaintiff's motion does not challenge the conditions of his confinement and, therefore, does not assert a cognizable claim in this case brought pursuant to 42 U.S.C. § 1983. *See, e.g. Rhodes v. Hannigan*, 12 F.3d 989, 991-992 (10th Cir. 1993), citing *Preiser v. Rodriguez*, 411 U.S. 475, 489, 494 (1973) (prisoner's civil rights action pursuant to 42 U.S.C. § 1983 attacks the conditions of the prisoner's confinement while a *habeas corpus* action attacks the fact or duration of the prisoner's confinement). While it is possible that Plaintiff may be able to obtain a suspension of his deportation order by filing a *habeas corpus* proceeding pursuant to 28 U.S.C. § 2241, or by filing a petition for review pursuant to 8 U.S.C. § 1252(b)(2) with the federal court of appeals for the judicial circuit in which the immigration judge completed the deportation proceedings, Plaintiff's motion fails to provide sufficient factual or legal information for the Court to make this determination. Accordingly, the Court will **DENY** Plaintiff's motion **without prejudice** so that he may initiate

another type of proceeding if he wishes to pursue his efforts to obtain a suspension of the deportation order.

With regard to the parties' contentious accusations blaming each other for the delay in obtaining Plaintiff's prison records for preparation of the *Martinez* Report ordered by the Court in this case, the Court observes that both Plaintiff and Defendants bear some responsibility for the delay in obtaining such records.  Plaintiff caused delay by refusing to sign a release for his prison records which Plaintiff claims he received long after it was mailed to him by Defendants.  Defendants caused delay by failing to promptly subpoena the prison records after it became apparent that Plaintiff was not going to sign the release.

The Court has also reviewed Defendant's **Motion to Strike Plaintiff's Motion for Deportation Order Suspension** (*Doc. 49*),[2] Plaintiff's response to the motion (*Doc. 57*), and Defendant's reply to the response (*Doc. 65*).  Because the Court is denying Plaintiff's Motion for Deportation Order Suspension (*Doc. 40*), Defendants' motion to strike that motion is moot and will be **DENIED** as moot.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Deportation Order Suspension (*Doc. 40*) is **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Strike Plaintiff's Motion for Deportation Order Suspension (*Doc. 49*) is **DENIED as moot**.

**IT IS SO ORDERED.**

*/s/ Lourdes A. Martínez*
**LOURDES A. MARTÍNEZ**

---

[2]Defendants filed a response to Plaintiff's Motion for Deportation Order Suspension (*Doc. 50*), and also found it necessary to file a separate "Motion to Strike Plaintiff's Motion for Deportation Order Suspension" (*Doc. 49*).

4

**UNITED STATES MAGISTRATE JUDGE**