IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**ENCISO RODRIGO ACEVES,**

      **Plaintiff,**

v.                                                                           CIV 03-0365 JB/LAM

**GARLAND JEFFERS AND R. RODRIQUEZ,**

      **Defendants.**

## MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S MOTIONS FOR EVIDENTIARY HEARING, PURSUANT TO RULE 8(a) (*DOC. 53* and *DOC. 54*) AND DENYING AS MOOT DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S TWO MOTIONS FOR EVIDENTIARY HEARING, PURSUANT TO RULE 8(a) (*DOC. 60*)

**THIS MATTER** is before the Court on two motions for evidentiary hearing filed by Plaintiff. These motions are Plaintiff's *Motion for Evidentiary Hearing, Pursuant to Rule 8(a)* (*Doc. 53*), and Plaintiff's *Motion for Evidentiary Hearing, Pursuant to Rule 8(a)* (*Doc. 54*).[1]  Also before the Court is Defendants' related *Motion to Strike Plaintiff's Two Motions for Evidentiary Hearing, Pursuant to Rule 8(a)* (*Doc. 60*) which seeks to strike both of Plaintiff's motions.  The Court has reviewed Plaintiff's motions for evidentiary hearing, Defendants' motion to strike and brief in support

---

[1] Plaintiff's second motion for evidentiary hearing is contained in a document titled "Plaintiff's Response to Defendant's Redacted Portions of Martinez Report and Plaintiff's Motion for Evidentiary Hearing, Pursuant to Rule 8(a)" (*Doc. 54*).  This document also contains a response to Defendants' redacted version of the original *Martinez* Report filed in this case.

of the motion to strike (*Doc.61*), and relevant law.  The Court **FINDS** that the motions are not well-taken and should be **DENIED** for the reasons set forth below.[2]

Prior to addressing the motions at issue, the Court finds it necessary to caution Defendants on their improper and excessive use of motions to strike in this case.  Defendants have filed multiple motions to strike.  Sometimes, as in the case of Plaintiff's motions for evidentiary hearing, these motions to strike have been filed in lieu of filing responses to Plaintiff's motions.  Other times, these motions have been filed in addition to filing responses to Plaintiff's motions.  The Court finds this method of practice unhelpful in resolving the issues presented by this case and a waste of the Court's resources.  Most of the arguments and authorities contained in Defendants' motions to strike could, and should, have been presented in Defendants' responses to Plaintiff's motions.  Defendants are cautioned that motions to strike pursuant to FED. R. CIV. P. 12(f) apply only to matters in pleadings and are viewed with disfavor.[3]  Defendants may be sanctioned by the Court if they continue their excessive and improper use of motions to strike in this case.

Plaintiff's motions for evidentiary hearing ask the Court to set an evidentiary hearing on the merits of Plaintiff's claims.  In support of both motions, Plaintiff cites to Rule 8(a) of the Rules Governing Section 2255 Proceedings in the United States District Courts, which is a rule applicable to *habeas corpus* proceedings in the federal district courts on motions under 28 U.S.C. § 2255.  Rule 8(a) is not applicable to this case which was filed under 42 U.S.C. § 1983.  Therefore, the Court

---

[2]Defendants did not file responses to Plaintiff's motions for evidentiary hearing, and Plaintiff did not file a response to Defendants' motion to strike.  While the failure of a party to file and serve a response in opposition to a motion constitutes consent to grant the motion pursuant to D.N.M.LR-Civ. 7.1(b), the Court has determined to decide the motions on their merits because an evidentiary hearing is not warranted in this case at this time.

[3]*See, e.g. Hill v. Cray Research, Inc.*, 864 F. Supp. 1070, 1073 (D.N.M. 1991).

will liberally construe Plaintiff's motions for evidentiary hearing as requests for a trial setting.

The Court has ordered an amended *Martinez* Report in this case and has set deadlines for filing and serving the amended *Martinez* Report and for filing and serving a response to the amended *Martinez* Report and any reply to the response. *See Order Granting Defendants' Motion to Reinstate Deadlines and Reinstating Deadlines for Martinez Report and Dispositive Motions* (*Doc. 62*). Additionally, the Court has set deadlines for filing and serving dispositive motions and for filing and serving responses to any dispositive motions and replies to any responses. *Id.* After the Court reviews the amended *Martinez* Report and any response and reply, and reviews any dispositive motions and related responses and replies, the Court will be in a position to decide if this case should be set for trial or otherwise need an evidentiary hearing. Thus, Plaintiff's motions for evidentiary hearing are premature and will be **DENIED** at this time **without prejudice**.

Defendants' motion to strike Plaintiff's motions for evidentiary hearing asks the Court to strike Plaintiff's motions for evidentiary hearing because they are improper and unnecessary at this time. Because the Court is denying Plaintiff's motions for evidentiary hearing, Defendants' motion to strike these motions is unnecessary and moot. Therefore, the Court will **DENY** Defendant's motion to strike **as moot**.

**IT IS THEREFORE ORDERED** that Plaintiff's *Motion for Evidentiary Hearing, Pursuant to Rule 8(a)* (*Doc. 53*) and Plaintiff's *Motion for Evidentiary Hearing, Pursuant to Rule 8(a)* (*Doc. 54*) are **DENIED** at this time **without prejudice**.

**IT IS FURTHER ORDERED** that Defendants' *Motion to Strike Plaintiff's Two Motions for Evidentiary Hearing, Pursuant to Rule 8(a)* (*Doc. 60*) is **DENIED** as moot.

**IT IS SO ORDERED.**

*Lourdes A. Martínez*
_____
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**