IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**ENCISO RODRIGO ACEVES,**

    **Plaintiff,**

v.                                                                         CIV 03-0365 JB/LAM

**GARLAND JEFFERS AND R. RODRIQUEZ,**

    **Defendants.**

## MEMORANDUM OPINION AND ORDER DENYING DEFENDANTS' MOTION FOR PROTECTIVE ORDER AND TO FILE AMENDMENT TO MARTINEZ REPORT UNDER SEAL (*DOC. 68*)

**THIS MATTER** is before the Court on Defendants' Motion for Protective Order and to File Amendment to Martinez Report Under Seal (*Doc. 68*). The Court has considered the motion, Plaintiff's response to the motion (*Doc. 71*),[1] Defendants' reply to the response (*Doc. 73*),[2] and relevant law. Additionally, the Court has reviewed *in camera* the un-redacted Amendment to Defendants' *Martinez* Report (*Doc.67*) that Defendants seek to file under seal. The Court **FINDS** that Defendants' motion is not well-taken and should be **DENIED**.

Defendants filed a redacted amendment to their *Martinez* Report with the Court on September 27, 2004, as Exhibit E to their motion. Defendants served Plaintiff with copies of the motion and the

---

[1] Plaintiff's response is contained in a document titled "Plaintiff's Motion to Strike Defendant's [sic] Motion for Protective Order and to File Amedment [sic] to Martinez Report Under Seal" (*Doc. 71*). The Court construes this document as a response to Defendants' motion.

[2] Defendants' reply to Plaintiff's response is contained in a document titled "Response to Plaintiff's Motion to Strike Defendants' Motion for Protective Order and to File Amendment to Martinez Report Under Seal" (*Doc. 73*). The Court construes this document as a reply to Plaintiff's response to Defendants' motion.

redacted amendment to the *Martinez* Report.[3]  Defendants also submitted an un-redacted version of the amendment to the *Martinez* Report (*Doc. 67*) to the Court which was filed under seal pending the Court's ruling on Defendants' motion.  The un-redacted version of the amendment to the *Martinez* Report differs from the redacted version in that the un-redacted version includes Exhibits U, CC, FF, MM and SS, and also includes references to those exhibits in the text of the amendment to the *Martinez* Report.  Exhibit U is a short memorandum on Corrections Corporation of America (hereinafter, "CCA") letterhead dated March 14, 2001, from Kash Elkins, assistant shift commander, to "All Concerned", regarding an incident on that date involving the use of restraints on Plaintiff.  Exhibit CC is a short memorandum on Federal Bureau of Prisons (hereinafter, "FBOP") letterhead dated September 15, 2002, from John W. Wilson, Unit NB counselor, to Larry Weston, disciplinary hearing officer, regarding Plaintiff's attitude during a disciplinary proceeding and a request to transfer Plaintiff to a higher level facility.  Exhibit FF is an incident report on a CCA form regarding an incident on April 2, 2001, involving the use of restraints on Plaintiff.[4]  Exhibit MM is a short memorandum on FBOP letterhead dated February 26, 2004, from teacher Ronda Walton to C. Summerfield, acting activities lieutenant, regarding the transmission of a copy of Plaintiff's education information, and Exhibit SS is a short memorandum on FBOP letterhead dated June 3, 2004, from literacy coordinator Janet Amador to "whom it may concern" regarding Plaintiff's refusal to take a GED pre-test.

Defendants' motion seeks to have the Court file the un-redacted amendment to the *Martinez* Report under seal, and to prevent Plaintiff from viewing the text and exhibits redacted by Defendants

---

[3] Contrary to Plaintiff's argument in his response, Defendants' amendment to the *Martinez* Report was timely filed and served pursuant to FED. R. CIV. P. 6(a).

[4] This incident is the subject of Plaintiff's claim of excessive force and mistreatment in this case.

from the amendment to the *Martinez* Report.  Having reviewed *in camera* Defendants' un-redacted amendment to the *Martinez* Report (*Doc. 67*), the Court concludes that the un-redacted amendment to the *Martinez* Report should not be filed under seal and that Plaintiff should be allowed to view the un-redacted amendment to the *Martinez* Report.

Plaintiff is a federal inmate.  At all times relevant to his claims, he was incarcerated at the Cibola County Correctional Center which is operated by CCA, a private organization.  Defendants argue that the material redacted from Defendants' amendment to the *Martinez* Report should be filed under seal and not disclosed to Plaintiff because it is exempt from disclosure under the Freedom of Information Act[5] (hereinafter, "FOIA") and FBOP program statements referencing FOIA. Additionally, Defendants argue, without citing to specific authority, that the un-redacted amendment to the *Martinez* Report should be filed under seal because public access to the material contained in the un-redacted amendment is prohibited by the Privacy Act of 1974.[6]

FOIA is not determinative of whether materials are discoverable in a civil case.  *See, e.g., Ass'n. for Women in Science v. Califano*, 566 F.2d 339, 342-343 (D.C.Cir. 1977) (discovery process governed by Federal Rules of Civil Procedure and FOIA neither expands nor contracts existing privileges nor creates any new privileges).  In this case, Plaintiff may obtain discovery regarding any matter, not privileged, that is relevant to the claims or defenses in this case.  FED. R. CIV. P. 26(b)(1). Defendants have made no claim of privilege or irrelevance with respect to the redacted materials. Accordingly, the Court finds that the materials redacted from the amendment to the *Martinez* report are discoverable by Plaintiff pursuant to the Federal Rules of Civil Procedure.

Moreover, even if FOIA were determinative of whether the redacted materials are discoverable in this case, Defendants have failed to show that these materials are exempt from

---

[5]The Freedom of Information Act, as amended, is at 5 U.S.C. § 552.

[6]The Privacy Act of 1974, as amended, is at 5 U.S.C. § 552a.

disclosure under FOIA.  First, the redacted materials are in the possession of Defendants and Defendants are not federal agencies subject to the provisions of FOIA.  FOIA applies to the records of an "agency."  *See* 5 U.S.C. § 552.  As defined at 5 U.S.C. § 551(1), the term "agency" does not include private individuals or private organizations like Defendants.  Second, Defendants have failed to demonstrate that the redacted materials qualify for specific exemptions from disclosure under FOIA.

Defendants contend that Exhibit FF, a CCA incident report regarding the use of restraints on Plaintiff during an incident on April 2, 2001, is exempt from disclosure under FOIA pursuant to 5 U.S.C. § 552(b)(7)(E).  This section of FOIA exempts from disclosure "records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information . . . (E) would disclose techniques and procedures for law enforcement investigations or prosecutions . . . ."  Defendants have made no showing that Exhibit FF, created by CCA in connection with its operation of a private prison, constitutes a record or information compiled for law enforcement purposes.  Nor have Defendants made any showing that this document would disclose techniques or procedures for law enforcement investigations or prosecutions.  Exhibit FF is an incident report, describing an incident involving the use of restraints on Plaintiff.  Although Exhibit FF includes two pages titled "Incident Investigation Report," those pages contain little information and repeat information contained elsewhere in Exhibit FF.  The Court notes, and finds significant, that if this incident report had been prepared by FBOP staff, Plaintiff would be entitled to most of its contents pursuant to FBOP regulations.[7]  Accordingly, the Court finds that Plaintiff is entitled to a copy of Exhibit FF.

Defendants have similarly failed to demonstrate that Exhibits U, CC, MM and SS are exempt from disclosure under FOIA.  Defendants claim exemption for these documents under

---

[7]*See* 28 C.F.R. § 541.14 (governing FPOB incident reports and investigations).

5 U.S.C. § 552(b)(7)(D) and (F) which exempt from disclosure under FOIA "records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information . . . (D) could reasonably be expected to disclose a confidential source . . . [or] (F) could reasonably be expected to endanger the life or physical safety of any individual."  Defendants have made no showing that Exhibit U, a memorandum created by CCA in connection with its operation of a private prison, constitutes a record or information compiled for law enforcement purposes.  Assuming that Exhibits CC, MM and SS are records or information compiled for law enforcement purposes because they were created by FBOP, Defendants have made no showing, by affidavit or otherwise, that disclosure of these records and Exhibit U could reasonably be expected to disclose a confidential source.  To invoke the exemption under § 552(b)(7)(D), "the government must prove (1) that sources of information are confidential and (2) that the information was acquired under an express assurance of confidentiality or that the circumstances were such that an assurance of confidentiality could be inferred."  *Hale v. United States Dep't. of Justice*, 973 F. 2d 894, 896 (10th Cir. 1992), *cert. granted and judgment vacated by,* 509 U.S. 918 (1993) (internal quotations omitted).  Similarly, Defendants have made no showing, by affidavit or otherwise, pursuant to § 552(b)(7)(F), that the disclosure of Exhibits U, CC, MM and SS could reasonably be expected to endanger the life or  physical safety of any individual.  Accordingly, the Court finds that Plaintiff is entitled to copies of Exhibits U, CC, MM and SS.

Finally,  Defendants have failed to cite specific authority in support of their argument that the un-redacted amendment to the *Martinez* Report should be filed under seal because public access to the material contained in the un-redacted amendment is prohibited by the Privacy Act of 1974.  Therefore, the Court will not order that the un-redacted amendment to the *Martinez* Report be filed under seal.

**IT IS THEREFORE ORDERED** that Defendants' Motion for Protective Order and to File Amendment to Martinez Report Under Seal (*Doc. 68*) is **DENIED**.

**IT IS FURTHER ORDERED** that the un-redacted Amendment to Defendants' *Martinez* Report (*Doc. 67*) **SHALL NO LONGER BE FILED UNDER SEAL**.

**IT IS FURTHER ORDERED** that **within three (3) business days after entry of this Memorandum Opinion and Order,** Defendants shall serve Plaintiff, **by reliable overnight delivery service**, with a copy of the un-redacted Amendment to Defendants' *Martinez* Report (*Doc.67*), together with all of its exhibits, and that Defendants **shall highlight on this copy all of the text that was omitted, and the labels of all of the exhibits that were omitted, from the redacted amendment to the *Martinez* Report that Defendants attached as Exhibit E to their motion.**

**IT IS FURTHER ORDERED** that Plaintiff shall have **five (5) business days after service of the un-redacted amendment to the *Martinez* Report** to file a response to the text and exhibits that were omitted from the redacted amendment to the *Martinez* Report.

**IT IS SO ORDERED.**

*Lourdes A. Martinez*
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**